UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS D. JOHNSON, | Case No.  2:25-cv-2447-DC-JDP (P) |
| Petitioner, | |
| v. | ORDER; FINDINGS AND RECOMMENDATIONS |
| JOSHUA PRUDHEL, | |
| Respondent. | |

Petitioner Marcus D. Johnson, a state prisoner, brought this section 2254 action raising a single claim of ineffective assistance of counsel in connection with a 2021 conviction.  ECF No. 1 at 1, 4.  Respondent has filed a motion to dismiss, arguing that petitioner's claim is untimely under the one-year statute of limitations in the Anti-Terrorism and Effective Death Penalty Act ("AEDPA").  ECF No. 9.  Petitioner has filed a combined opposition and motion to stay, ECF No. 14, and respondent has filed a reply, ECF No. 15.  I agree with respondent's argument and recommend that petitioner's claim be dismissed as untimely and his motion for stay be denied.

Motion to Dismiss

No habeas rule specifically applies to motions to dismiss.  *See Hillery v. Pulley*, 533 F. Supp. 1189, 1194 (E.D. Cal. 1982) ("Motion practice in habeas corpus is not specifically provided for in the rules but must be inferred from their structure and the Advisory Committee Notes.").  The Ninth Circuit construes a motion to dismiss a habeas petition as a request for the

1

court to dismiss under Rule 4 of the Rules Governing § 2254 Cases, however. *See O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1991). Under Rule 4, I evaluate whether it "plainly appears" that the petitioner is not entitled to relief and, if so, recommend dismissal of the petition.

State prisoners seeking federal habeas review are subject to a one-year statute of limitations. *See* 28 U.S.C. § 2244(d). Respondents argue that petitioner was sentenced on March 29, 2021, and his time to seek direct review in the state appellate system expired May 28, 2021. ECF No. 9 at 3. The one-year statute of limitations period began running the next day, and the last day to file a timely federal habeas petition, minus any tolling, was May 28, 2022. *Id.* Petitioner does not contest this calculus in his opposition.

Petitioner's first state habeas petition was filed on June 25, 2022, after the limitations period had expired. ECF No. 11-2 at 11. As respondent correctly argues, a petition filed after the limitation periods does not serve to toll it. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). Neither does petitioner's request to for a stay under *Rhines v. Weber*, 544 U.S. 269 (2005), avail him. The function of a *Rhines* stay is to allow a petitioner to stay a federal action and return to state court to exhaust his claims. *Id.* at 275-77. Doing so would be futile here, where there is no chance petitioner's federal claims can ever be considered due to their untimeliness.

Accordingly, it is RECOMMENDED that:

1.    Respondent's motion to dismiss, ECF No. 9, be GRANTED and the petition be dismissed as untimely.

2.    Petitioner's motion for stay, ECF No. 14, be DENIED as futile.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See*

*Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    May 5, 2026

_____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE